UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TARAH M.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. 2:19-cv-00808

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny benefits.

I.    <u>ISSUES FOR REVIEW</u>

1. Did the ALJ properly evaluate the medical opinion evidence?
2. Did the ALJ err in evaluating an opinion from Plaintiff's therapist?
3. Did the ALJ err at step two of the sequential evaluation?

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 1

## II. BACKGROUND

On May 23, 2012, Plaintiff first filed applications for disability insurance benefits and supplemental security income benefits. AR 16. Plaintiff's applications were denied after initial consideration on November 14, 2012. AR 16, 211-14.

Plaintiff filed new applications for DIB and SSI on April 2, 2014, alleging a disability onset date of October 31, 2007. AR 16, 285-86, 287-92. Plaintiff's applications were denied upon initial administrative review and on reconsideration. AR 16, 215-18, 219-21, 228-30, 231-33. A hearing was held before Administrative Law Judge ("ALJ") Wayne N. Araki on April 13, 2017. AR 41-108. On January 30, 2018, the ALJ issued a written decision finding that Plaintiff was not disabled. AR 13-34.

The ALJ opted not to re-open Plaintiff's 2012 applications, and divided the decision into 2 distinct periods: (1) with respect to Plaintiff's DIB application, between Plaintiff's alleged onset date of October 31, 2007 and her date last insured, December 31, 2012; and (2) with respect to Plaintiff's SSI application, from April 2, 2014 through the date of the decision. AR 16.

The Social Security Appeals Council denied Plaintiff's request for review on March 22, 2019. AR 1-6. On June 6, 2019, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.     DISCUSSION

In this case, the ALJ found that between October 31, 2007 and December 31, 2012, Plaintiff only had a severe, medically determinable knee impairment. AR 19. The ALJ found that as of April 2, 2014, Plaintiff had the severe, medically determinable impairments of a right knee impairment, obesity, attention deficit disorder, affective disorder, anxiety disorder (including post-traumatic stress disorder), and substance abuse disorder. *Id.*

Based on the limitations stemming from these impairments, the ALJ found that during both periods at issue, Plaintiff could perform a reduced range of light work, with a range of additional exertional and mental limitations during the period from April 2, 2014 onward. AR 23-24.

Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform her past work during both periods at issue, and also found that there were additional light and sedentary jobs Plaintiff could perform from April 2, 2014 onward. AR 32-34. Accordingly, the ALJ determined at step five that Plaintiff was not disabled during both periods. AR 34.

A.   Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff maintains that the ALJ erred in evaluating opinion evidence from examining psychologists Luci Carstens, Ph.D. and Faulder Colby, Ph.D. Dkt. 10, pp. 3-9, 11-12.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

    1. <u>Dr. Carstens</u>

Dr. Carstens examined Plaintiff on November 9, 2017. AR 865-74. Dr. Carstens' evaluation consisted of a clinical interview, a review of the medical record, and a mental status examination.

Based on this evaluation, Dr. Carstens opined that Plaintiff would have significant difficulty in her ability to sustain concentration for prolonged periods, work at a consistent pace for extensive periods, maintain emotional stability when under stress, and sustain effective relationships with co-workers and potential clients/customers. AR 870. Dr. Carstens concluded that in a work setting, Plaintiff's mental health issues would interfere markedly with her ability to deal effectively with the normal demands and expectations inherent in a typical work setting, and Plaintiff would have marked difficulty completing a normal work day and work week without interruptions from her psychological symptoms. *Id.*

Dr. Carstens further opined that Plaintiff can complete simple, repetitive tasks with no difficulty, follow complex instructions that involve at least three sequential steps, and perform routine tasks without special supervision, although timeliness of completion

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

1 and quality of performance of these tasks would be impacted by her psychological
2 symptoms. AR 870-71. Dr. Carstens added that Plaintiff would have marked difficulty
3 adapting to changes in a routine work setting due to her mental health problems, and
4 Plaintiff's anxiety and general suspiciousness of others would interfere significantly with
5 her ability to deal effectively with unfamiliar people and situations. AR 871. Dr. Carstens
6 added that Plaintiff would struggle in adapting her routine in a workplace setting to
7 incorporate new functions or processes outside her comfort zone due to her mental
8 health issues. *Id.*

9       The ALJ assigned "minimal weight" to Dr. Carstens' opinion, reasoning that: (1)
10 Dr. Carstens' findings were inconsistent with the results of her own examination,
11 particularly Dr. Carstens' findings concerning Plaintiff's ability to concentrate and
12 interact socially; (2) the disparity between the results of Dr. Carstens' examination and
13 her opinion indicates that Dr. Carstens relied heavily on Plaintiff's unreliable self-
14 reporting; and (3) Dr. Carstens' opinion is inconsistent with Plaintiff's ability to be a
15 diligent parent. AR 30-31.

16       With respect to the ALJ's first reason, an internal inconsistency can serve as a
17 specific and legitimate reason for discounting a physician's opinion. *See Morgan v.*
18 *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v.*
19 *Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of an internally
20 inconsistent medical opinion).

21       Here, the ALJ reasoned that Dr. Carstens' opinion was inconsistent with the
22 results of her mental status examination, which revealed good grooming, pleasant and
23 cooperative behavior, unremarkable motor activity, depressed but appropriate affect,

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

1  good eye contact, adequate insight, and linear and directed thought process, and while
2  Plaintiff made one error with "serial seven" subtractions, she performed "serial three"
3  calculations without difficulty, and was able to recall digits forwards and backwards. AR
4  31, 868-69.

Dr. Carstens' opinion concerning Plaintiff's functional limitations is inconsistent with the results of her mental status examination. As such, the ALJ has provided a specific and legitimate reason for discounting Dr. Carstens' opinion.

While the ALJ provided additional reasons for discounting Dr. Carstens' opinion, the Court need not assess whether these reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

2. Dr. Colby

Dr. Colby examined Plaintiff on October 28, 2014. AR 719-25. Dr. Colby's evaluation consisted of a clinical interview, a mental status examination, and a review of some medical records concerning Plaintiff's physical impairments. Based on his evaluation, Dr. Colby opined that Plaintiff could perform simple, repetitive tasks that include 3-step instruction sets in settings that will not trigger her post-traumatic stress symptoms, and would be able to adapt to new and changing work and social environments, as long as those environments did not trigger her PTSD symptoms. AR

1  725. Dr. Colby observed that Plaintiff's understanding, memory, concentration and
2  persistence, and ability to interact socially all appeared intact during his examination. *Id.*
3  The ALJ assigned "significant weight" to Dr. Colby's opinion regarding Plaintiff's
4  functioning since her SSI application date, April 2, 2014, reasoning that the longitudinal
5  record was consistent with Dr. Colby's opinion that Plaintiff had minimal psychological
6  limitations. AR 32.
7  Plaintiff contends that the ALJ erred by not incorporating Dr. Colby's opinion that
8  Plaintiff should work in environments that do not trigger her PTSD symptoms into her
9  residual functional capacity ("RFC"). Dkt. 10, pp. 11-12.
10  The ALJ is "responsible for translating and incorporating clinical findings into a
11  succinct RFC." *Rounds v Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).
12  To the extent that an ALJ accepts a physician's opinion, he or she must incorporate the
13  limitations contained in that opinion into the RFC. *See Magallanes v. Bowen,* 881 F.2d
14  747, 756 (9th Cir. 1989). When the RFC is incomplete, the hypothetical question
15  presented to the vocational expert at step five is also incomplete, "and therefore the
16  ALJ's reliance on the vocational expert's answers [is] improper." *Hill v. Astrue*, 698 F.3d
17  1153, 1162 (9th Cir. 2012).
18  Here, with respect to the period after April 2, 2014, the ALJ found that Plaintiff
19  could understand, remember, and carry out instructions for tasks generally required by
20  occupations with a specific vocational preparation ("SVP") of two or less, could have
21  occasional interaction with coworkers and supervisors, and could have occasional
22  superficial interaction with the general public. AR 23-24.
23
24
25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 7

Plaintiff reported that loud noises like gunshots, people screaming, and news reports and movies of shooting and violence triggered her post-traumatic stress disorder. AR 866. Plaintiff does not explain how the limitations contained in the RFC are insufficient to accommodate her psychological symptoms, and does not contend that her past work, or the jobs cited by the VE at step five, would subject her to stimuli that would trigger her PTSD symptoms.

Accordingly, the ALJ did not err in evaluating Dr. Colby's opinion.

B.  <u>Whether the ALJ erred in evaluating an opinion from Plaintiff's therapist</u>

Plaintiff maintains that the ALJ erred in evaluating an opinion from her therapist, David Chaus, M.A., L.M.H.C. Dkt. 10, pp. 9-11.

When evaluating opinions from non-acceptable medical sources such as a therapist, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1502, 416.902.

On March 23, 2017, Mr. Chaus offered an opinion concerning Plaintiff's functional limitations. AR 854-55. Mr. Chaus stated that he had been treating Plaintiff since November of 2016. AR 854. Mr. Chaus stated that Plaintiff had difficulty keeping appointments due to her "chaotic and stressful" personal circumstances, and opined that it was "inconceivable" that Plaintiff would be able to maintain a regular, consistent work schedule "due to the disabilities of significant reactivity to stressors" resulting from her past traumas, and due to her challenges with her capacity to prioritize, organize and maintain focus. *Id.*

The ALJ assigned "minimal weight" to Mr. Chaus' opinion, reasoning that: (1) it was inconsistent with the results of his only documented examination of Plaintiff, and appears to be based on a combination of Plaintiff's subjective allegations and her inconsistent attendance at counseling appointments; and (2) Mr. Chaus' opinion is inconsistent with Plaintiff's self-reported activities of daily living. AR 30.

With respect to the ALJ's first reason, the ALJ noted that Mr. Chaus' opinion was inconsistent with the only mental status examination he conducted, which revealed appropriate affect and behavior, normal appearance, normal psychomotor activity, good judgment, normal speech, normal thought process and thought content, good attention, and intact memory. AR 30, 858. In citing the inconsistency between Mr. Chaus' opinion and the results of his examination, the ALJ has provided a germane reason for discounting his opinion. *See Baylis v. Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony).

C.  Whether the ALJ erred at step two of the sequential evaluation

Plaintiff contends that the ALJ erred by not finding personality disorder to be a severe impairment at step two of the sequential evaluation. Dkt. 10, pp. 12-14.

At step two of the sequential evaluation process, the ALJ determines whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a); *see also* Social Security Ruling ("SSR") 96-3p.

Plaintiff's contention is based on statements contained in Dr. Carstens' opinion, in which she diagnosed Plaintiff with borderline personality disorder, stating that Plaintiff's behavioral history and self-described personal characteristics were "suggestive of" a personality disorder with borderline features. Dkt. 10, pp. 13-14, citing AR 870.

Even if the ALJ erred in not evaluating Dr. Carstens' findings concerning Plaintiff's personality disorder, any error would be harmless since Plaintiff does not contend that her personality disorder, even if found medically determinable and severe at step two, would impose functional limitations beyond those already contained in the RFC. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply in the Social Security context).

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 14th day of August, 2020.

Theresa L. Fricke
United States Magistrate Judge